# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

RANDOLPH CYPRIAN,

                Plaintiff,

    v.

DANIEL WHITE, et al.,

               Defendants.

CASE NO. 3:19-cv-05047-RBL-JRC

SECOND ORDER TO SHOW CAUSE OR AMEND COMPLAINT

Plaintiff Randolph Cyprian, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges his constitutional rights were violated when he was sexually assaulted. However, plaintiff has not provided any description of the alleged violations except for conclusory statements that such violations occurred. Having reviewed and screened plaintiff's amended complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's amended complaint because plaintiff has yet to plead sufficient facts to demonstrate that defendants violated his constitutional rights. However, the Court provides

plaintiff leave to file a second amended pleading by May 15, 2019, to cure the deficiencies identified herein.

BACKGROUND

Plaintiff initially filed his complaint in January 2019. Dkt. 1. On February 22, 2019, the Court screened plaintiff's initial complaint and found it deficient. Dkt. 6. The Court ordered plaintiff to correct the deficiencies by March 22, 2019. *Id.* Plaintiff filed the amended complaint on March 6, 2019. Dkt. 7.

In his amended complaint, plaintiff, who is currently housed at Airway Heights Corrections Center ("AHCC"), alleges that defendant Jo Hiles committed "custodial sexual misconduct and continued to pressure acts of sexual misconduct from plaintiff[]" while he was incarcerated at Washington Correction Center ("WCC"). Dkt. 7 at 12. Although it is not entirely clear from the amended complaint, it appears that plaintiff was placed in segregation and then subsequently transferred to the Olympic Correction Center ("OCC") where he filed a Prison Rape Elimination Act ("PREA") report. Dkt. 7 at 12. Plaintiff alleges that he suffered emotional and physical harm caused by defendants. Dkt. 7 at 12.

Plaintiff alleges that his constitutional rights were violated when he was (1) sexually assaulted by defendant Jo Hiles; (2) denied access to the courts by defendant Germeau; (3) denied due process by defendants DePew and Gersdorf; (4) intimidated and harassed by defendants Hindershot, Davis, Bamer, Coleman, Walker, Santos, Finch, Capolla, Riggs, Jennings, Germeau, and Brown; and (5) retaliated against by defendants Santos and Germeau Dkt. 7. Plaintiff contends that defendant Daniel White is the superintendent of the WCC and that

he placed plaintiff in segregation when he should have investigated the alleged sexual misconduct by defendant Hiles. Dkt. 7 at 11.

Plaintiff requests an injunction "from any further harm done by the defendants," as well as $5 million in "nominative and punitive" damages for the "physical, mental and emotional damage done to [plaintiff] by the defendants." Dkt. 7 at 4.

DISCUSSION

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must sufficiently allege that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second step, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's first amended complaint does not sufficiently allege these claims, which will result in dismissal of his case if not corrected in a second amended complaint.

I. Exhaustion

Before a prisoner may bring a civil rights action under 42 U.S.C. § 1983, he must first exhaust all available administrative remedies. Under the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Exhaustion in cases covered by § 1997e(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The mere fact a plaintiff has filed an initial grievance under a prison's grievance policy does not satisfy the PLRA exhaustion requirement; a plaintiff must exhaust *all* levels of an available grievance procedure before he can initiate litigation. *See id.* at 736-41; *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is still a prerequisite to suit. *Booth*, 532 U.S. at 741. If a claim is not exhausted, it must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

In this case, plaintiff concedes that he has not filed any grievances related to his amended complaint but indicates that he filed a PREA report. Dkt. 7 at 2. However, PREA does not supersede PLRA's exhaustion requirement, nor is it an alternative remedial scheme. *See* 42 U.S.C. § 15601, *et seq.; see also Porter v. Howard,* 2012 WL 2836637, at *4 (S.D. Cal. July 10, 2012). Therefore, plaintiff must show cause as to why this case should not be dismissed for failure to exhaust his remedies under the PLRA.

II. Eighth Amendment

In his amended complaint, plaintiff alleges that defendant Hiles "committed custodial sexual misconduct and continued to pressure acts of sexual misconduct from plaintiff." Dkt. 7 at 7. Plaintiff alleges that defendant Hindershot "made constant threats of sexual misconduct." Dkt. 7 at 8. Plaintiff contends that defendants Santos, Bamer, Coleman, Walker, Capolla, Jennings, Finch, Brown, Riggs, and Davis verbally intimidated and harassed plaintiff by making statements about the alleged sexual misconduct. Dkt. 7 at 9-10. Plaintiff contends that defendants Germeau and White failed to investigate the alleged sexual misconduct. Dkt. 7 at 8, 11.

Sexual abuse in prison is viewed through the Eighth Amendment's ban on cruel and unusual punishment. "Whether a particular event or condition in fact constitutes 'cruel and unusual punishment' is gauged against 'the evolving standards of decency that mark the progress of a maturing society.' " *Schwenk v. Hartford,* 204 F.3d 1187, 1196 (9th Cir. 2000) (quoting *Hudson v. McMillian,* 503 U.S. 1, 8 (1992)). In terms of excessive force, the Supreme Court has held that when "prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated," regardless of whether a prisoner suffered significant physical injury. *Hudson,* 503 U.S. at 9. The only requirement is that the prison official's actions be " 'offensive to human dignity." *Schwenk,* 204 F.3d at 1196 (quoting *Felix v. McCarthy,* 939 F.2d 699, 702 (9th Cir. 1991)). "A sexual assault on an inmate by a guard ... is deeply 'offensive to human dignity.' " *Id.* at 1197.

By contrast, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson,* 503 U.S. at 9. Rather, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force." *Id.* at 9–10; see also *Berryhill v. Schriro,* 137 F.3d 1073 (8th Cir. 1998) (holding

that not all "unwelcome touches amount[ ] to unnecessary and wanton infliction of pain," and that prison maintenance employees' conduct of briefly touching an prisoner's buttocks, unaccompanied by any sexual comments or banter, was not sexual assault required to support the prisoner's Eighth Amendment claim, as the touching lasted only seconds, and the prisoner believed the employees were trying to embarrass him, not rape him); *Fisher v. Dizon,* 2008 WL 619149 (E.D. Cal. March 4, 2008) (a guard's act of poking an prisoner twice in the buttocks was *de minimis* and was not an act of cruel and unusual punishment).

As an initial matter, the Court notes that PREA does not create a private cause of action under § 1983. *See* Dkt. 6. PREA was enacted by Congress to address the problem of rape in prison by creating national standards to prevent, detect, reduce and punish prison rape. *See* 42 U.S.C. §§ 15602, 15605. Although there are no appellate decisions on this issue, district courts nationwide have found that an individual plaintiff cannot bring a private cause of action and nothing in PREA suggests that Congress intended to create a private cause of action. *See* 42 U.S.C. § 15607(e) (explicitly directing the Attorney General to enforce compliance with the PREA); *see also Alexander v. Sandoval,* 532 U.S. 275, 286 (2001) (explaining that absent Congressional intent "to create not just a private right but also a private remedy ... no private right of action exists."); *See also* Dkt. 6 at 6 (citing *Denton v. Pastor*, 2017 WL 5068329, at *1 (W.D. Wash. Nov. 2, 2017); *Reed v. Racklin*, 2017 WL 2535388, at *2 (E.D. Cal. June 12, 2017); *Gonzalez v. Chriese*, 2016 WL 3231284, at *4 (N.D. Cal. June 13, 2016); *Grindling v. Diana*, 2016 WL 6080825, at *3-*4 (D. Haw. Sept. 12, 2016)). Therefore, any claims brought as violations of PREA fail to state a claim for relief.

With respect to his Eighth Amendment claims, plaintiff has only provided conclusory allegations as to his alleged constitutional violations under the Eighth Amendment. For example, plaintiff alleges that defendant Hiles committed sexual misconduct and that defendant

SECOND ORDER TO SHOW CAUSE OR AMEND
COMPLAINT - 6

Hindershot made threats of sexual misconduct. Dkt. 7 at 7-8. However, plaintiff has not provided any further explanation as to what actions defendants Hindershot or Hiles took which would demonstrate sexual assault or misconduct. Plaintiff only summarily states that his rights were violated without providing anything more. *See id*.

Moreover, plaintiff contends that defendants Bamer, Santos, Coleman, Walker, Capolla, Jennings, Finch, Brown, Riggs, and Davis made statements which constituted intimidation and harassment, however, "verbal harassment generally does not violate the Eighth Amendment." *Kennan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (citing *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)); *See Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997) ("the exchange of verbal insults between prisoners and guards is a constant, daily ritual observed in this nation's prisons" of which the Ninth Circuit "do[es] not approve," but which does not violate the Eighth Amendment without more) (internal quotation marks omitted). Thus, plaintiff's allegation that defendants Bamer, Santos, Coleman, Walker, Capolla, Jennings, Finch, Brown, Riggs, and Davis violated his Eighth Amendment rights when they verbally intimidated and harassed him is not sufficient to demonstrate a violation of the Eighth Amendment.

With respect to plaintiff's allegation that defendants Germeau and White failed to investigate the sexual misconduct, in order to state a civil rights claim, a plaintiff must set forth the specific factual basis upon which he claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. Dept. of Soc. Serv. Of New York*, 436 U.S. 658, 694 n.58 (1978); *Padway v. Palches*, 665 F.2d 965, 967 (9th Cir. 1982). Rather, each defendant must have personally participated in the acts alleged. *Id*. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or

1  directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880

2  F.2d at 1045.  Vague and conclusory allegations of official participation in civil rights violations

3  are not sufficient to withstand a motion to dismiss.  *Peña v. Gardner*, 976 F.2d 469, 471 (9th Cir.

4  1992). A plaintiff can prove causation under § 1983 only if plaintiff demonstrates a defendant

5  did an affirmative act, participated in another's affirmative act, or omitted to perform an act

6  which he was legally required to do that caused the deprivation complained of. *Arnold,* 637 F.2d

7  at 1355 (quoting *Johnson v. Duffy,* 588 F.2d 740, 743–44 (9th Cir. 1978)). Even construing

8  plaintiff's amended complaint liberally, he has failed to allege sufficient facts to support a claim

9  against defendants Germeau and White. Plaintiff does not allege how defendants Germeau and

10  White were involved in the alleged constitutional violations or how defendants Germeau and

11  White violated his rights in any way. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988)

12  (finding a plaintiff must show how a defendant caused or personally participated in causing the

13  harm alleged in the complaint).

14  Accordingly, plaintiff has not sufficiently alleged facts supporting a claim under the

15  Eighth Amendment. If plaintiff wishes to pursue claims under the Eighth Amendment, he must

16  provide a second amended complaint with a short, plain statement explaining exactly what

17  actions were taken by an individual defendant, how each defendants' actions violated plaintiff's

18  constitutional rights, what harm he suffered as a result, and whether the named defendant had

19  knowledge of plaintiff's harm or risk of harm.

20  III. Fourth Amendment

21  Plaintiff contends that defendant Hiles violated his right to privacy under the Fourth

22  Amendment. Dkt. 7 at 7.  However, prisoners have no reasonable expectation of privacy in their

23  cells or their possessions inside their cells. *Hudson v. Plamer*. 468 U.S. 517, 525-26 (1984);

24

1 | *Mitchell v. Dupnik*, 75 F.3d 517 (9th Cir. 1996). Thus, plaintiff's conclusory allegation that
2 | defendant Hiles violated his Fourth Amendment rights is not sufficient to demonstrate a
3 | constitutional violation.

  IV. Segregation

Plaintiff alleges that defendants Gersdorf and Depew allowed plaintiff to "sit in IMU [intensive management unit] after direct orders to immediately transfer to another facility." Dkt. 7 at 8-9. The Court notes plaintiff alleges that this action constitutes a violation of his Eighth Amendment rights, however, plaintiff does not provide the Court with any facts showing how his Eighth Amendment rights were violated. Thus, plaintiff's allegations are properly analyzed in relation to a due process claim.

Prisoners have a right to due process in connection with placement in administrative segregation when such placement imposes an "atypical and significant hardship on the prisoner in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 473 (1995); *see also Ramirez,* 334 F.3d at 860. In *Sandin,* the United States Supreme Court held that a prisoner in Hawaii had no liberty interest in freedom from a period of disciplinary segregation that lasted thirty days where the evidence showed that the conditions in such segregation "with insignificant exceptions, mirrored those conditions imposed on prisoners in administrative segregation and protective custody," and the segregation did not "inevitably affect" the length of his prison sentence. *Id.* at 486-87.

While administrative segregation "typically . . . in and of itself does not implicate a protected liberty interest," it may do so under certain circumstances. *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (handicapped prisoner confined in administrative segregation for two months without use of his wheelchair suffered an atypical and significant hardship), *cert.*

*denied*, 543 U.S. 825 (2004). *See also Jackson v. Carey*, 353 F.3d 750 (9th Cir. 2003) (allegations of three-custody levels materially different from one another causing major disruption to prisoner's environment sufficiently plead §1983 due process claim). "What less egregious condition or combination of conditions or factors would meet the test requires case by case, fact by fact consideration." *Kennan*, 83 F.3d at 1089.

In the limited circumstances where such a right exists, "due process requires only the following procedures: prison officials must hold an informal non-adversary hearing within a reasonable time after the prisoner is segregated. The prison officials must inform the prisoner of the charges against the prisoner or their reasons for considering segregation. Prison officials must allow the prisoner to present his views." *Toussaint v. McCarthy,* 801 F.2d 1080, 1100 (9th Cir. 1986) (footnote omitted). "[D]ue process does not require detailed written notice of charges, representation by counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." *Id.* at 1100-01.

Here, plaintiff alleges that he was placed in administrative segregation prior to being transferred to another facility. Dkt. 7 at 8-9. Plaintiff does not, however, describe how the conditions of his segregation amounted to an atypical or significant hardship. *See Sandin,* 515 U.S. at 484. Thus, the Court finds that plaintiff has not sufficiently alleged facts supporting his claim that defendants Depew and Gersdorf violated his due process rights. In order to proceed with any due process claims, plaintiff must file a second amended complaint including factual allegations relating to this claim and specifically identifying how each individual defendant violated his due process rights.

V. Retaliation

Plaintiff alleges that defendants Santos and Germeau retaliated against him. Dkt. 7 at 8-9. Plaintiff alleges that defendant Santos intimidated and harassed plaintiff, "which chilled [p]laintiff." Dkt. 7 at 9. Plaintiff also alleges that he was "chilled" after he was placed in segregation, when defendant Germeau stated: "I[']m not there for your protection, I[']m here for hers (defendant Jo Hiles)." Dkt. 7 at 8.

To prove a First Amendment claim of retaliation under § 1983, plaintiff must show: (1) he was subjected to adverse action; (2) the adverse action was imposed because of certain conduct; (3) the conduct giving rise to the adverse action is legally protected; (4) the adverse action chilled the prisoner's speech; and (5) the adverse action did not advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). In addition, the plaintiff must show retaliation was the substantial or motivating factor behind the conduct of the prison official. *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 285-87 (1977); *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009).

Plaintiff has not sufficiently alleged facts supporting a claim of retaliation against defendants Santos or Germeau. Plaintiff has failed to allege that he was engaged in protected speech and fails to identify any adverse action that resulted in retaliation against him. Nor does plaintiff allege any facts demonstrating that the alleged adverse action did not advance a legitimate correctional goal. Thus, plaintiff has not sufficiently alleged facts supporting a claim of retaliation. To succeed on a retaliation claim, plaintiff must allege in more specific terms regarding who harmed him and how the harm violated his First Amendment rights.

VI. Access to the Courts

Plaintiff contends that defendant Germeau violated his right to access to the courts when he prevented plaintiff from filing an action in court. Dkt. 7 at 8.

The due process clause of the United States Constitution guarantees prisoners the right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In *Bounds,* the Supreme Court held that the right of access imposes an affirmative duty on prison officials to assist prisoners in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id.* at 828. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. *Id*. at 349. An actual injury consists of some specific instance in which a prisoner was actually denied meaningful access to the courts. *Lewis*, 518 U.S. at 350–55 (1996).

Under the Fourteenth Amendment, persons incarcerated by a state must be given meaningful access to law libraries or assistance by persons trained in the law in order to give them meaningful access to courts. *Bounds*, 430 U.S. at 822. An incarcerated person does not have a free-standing right to a law library, and it is prison or jail officials -- not the prisoner -- who chose the manner in which the state fulfills its obligation to provide access to courts. *Storseth v. Spellman*, 654 F.2d 1349 (9th Cir. 1981). Access requires state officials to assist in the preparation and filing of meaningful legal papers by providing adequate law libraries or adequate legal assistance from persons trained in the law. *Bounds,* 430 U.S. at 828; *Storseth*, 654 F.2d at 1352.

However, here, aside from the conclusory allegation that defendant Germeau denied plaintiff access to the courts, plaintiff provides no details as to how he was prevented from filing

an action in court. *See* Dkt. 7. Nor has plaintiff alleged any actual injury in his amended complaint. There are no allegations that plaintiff was denied access to the courts in a non-frivolous direct criminal appeal, habeas corpus proceeding, or § 1983 case, nor are there allegations showing that plaintiff had a legal claim frustrated by the actions of the named defendants. To succeed on an access to the courts claim, plaintiff must allege in more specific terms what type of claim he was attempting to raise when he was denied access to the courts and how he suffered an injury based on defendant Germeau's alleged actions.

VII. Fourteenth Amendment

Plaintiff alleges defendant White violated his right to equal protection because defendant White failed to investigate the sexual misconduct of the other defendants and that defendant White should not have placed plaintiff in segregation. Dkt. 7 at 11. To state an equal protection claim, a plaintiff first must show that he "has been intentionally treated differently from others similarly situated ...." *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000); *Silveira v. Lockyer,* 312 F.3d 1052, 1087–88 (9th Cir. 2002), *cert. denied,* 540 U.S. 1046 (2003). "Similarly situated" persons are those "who are in all relevant respects alike." *Silveira,* 312 F.3d at 1088 (quoting *Nordlinger v. Hahn,* 505 U.S. 1, 10 (1992)). To allege an equal protection violation based on race, religion, national origin, or alienage the plaintiff "must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. 'Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status.' " *Serrano v. Francis,* 345 F.3d 1071, 1082 (9th Cir. 2003) (emphasis in original) (citing *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) and quoting *Maynard v. City of San Jose,* 37 F.3d 1396, 1404 (9th Cir. 1994)), *cert. denied,* 543 U.S.

825 (2004); *Korematsu v. United States,* 323 U.S. 214 (1944). Prisoners are not a protected class for equal protection purposes. *See Hampton v. Hobbs,* 106 F.3d 1281, 1286 (6th Cir. 1997).

" 'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker ... selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Navarro v. Block,* 72 F.3d 712, 716 n. 5 (9th Cir. 1995) (quoting *Personnel Adm'r of Mass. v. Feeney,* 442 U.S. 256, 279 (1979)). Some of the evidence that can establish discriminatory intent includes the "historical background of the decision ... particularly if it demonstrates there has been a series of official actions taken for invidious purposes ...." *Id.* at 716 (citation omitted) (internal quotation marks omitted). The mere fact that a facially neutral policy has a "foreseeably disproportionate impact" on a protected group, without more, does not rise to the level of an equal protection violation. *Lee,* 250 F.3d at 687.

Here, plaintiff has failed to allege any facts describing discrimination based on race, religion, or his membership in any other protected class. For example, plaintiff does not allege that defendant White is responsible for a discriminatory policy which resulted in plaintiff's placement in segregation or the failure to investigate the alleged sexual misconduct. The mere fact that defendant White took certain actions does not show he acted with a discriminatory intent.

Accordingly, plaintiff has not sufficiently alleged facts supporting a claim that defendant White violated his equal protection rights. If plaintiff wishes to pursue an equal protection claim under the Fourteenth Amendment, he must provide a second amended complaint with a short,

plain statement explaining exactly what actions were taken by an individual defendant and how each defendant's actions violated plaintiff's constitutional rights.

VIII. Instructions to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve plaintiff's amended complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file a second amended complaint and within the second amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the second amended complaint on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint or the first amended complaint by reference. The second amended complaint will act as a complete substitute for the original complaint and the first amended complaint, and not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the second amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint and the first amended complaint that are not alleged in the second amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the second amended

SECOND ORDER TO SHOW CAUSE OR AMEND
COMPLAINT - 15

complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the second amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file a second amended complaint or fails to adequately address the issues raised herein on or before May 15, 2019, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 17th day of April, 2019.

J. Richard Creatura
United States Magistrate Judge