UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDOLPH CYPRIAN,

    Plaintiff,

v.

DANIEL WHITE et al.,

    Defendants.

CASE NO. 3:19-CV-05047-RBL-JRC

ORDER DENYING MOTION TO APPOINT COUNSEL AND ORDER GRANTING EXTENSION

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. Before the Court is plaintiff's motion to appoint counsel and motion for an extension to file a second amended complaint. Dkt. 9.

Although indigent defendants in criminal cases are entitled to appointed counsel, there is no constitutional right to appointed counsel in a § 1983 civil action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand*

*v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In plaintiff's motion to appoint counsel, he states generally that he has an insufficient grasp of the case or the legal issues involved, and that he is unable to articulate the factual basis of his claim. Dkt. 9. However, plaintiff fails to show exceptional circumstances necessary to warrant appointment of counsel. At this time, plaintiff has not shown, nor does the Court find, that this case involves complex facts or law. Rather, he has demonstrated an ability to articulate the factual basis of his claims in a fashion understandable to the Court. Further, it is still early in the case. Plaintiff has not yet filed a second amended complaint and defendants have not yet been served. *See* Dkt. Because it is so early in the case, the Court cannot yet determine plaintiff's likelihood of success on the merits. Therefore, the Court finds that plaintiff has failed to show that the appointment of counsel is appropriate at this time. Accordingly, plaintiff's motion to appoint counsel (Dkt. 9) is denied without prejudice.

1     Plaintiff's motion also states that without counsel he will need an additional thirty days to
2 file his second amended complaint. Dkt. 9. Plaintiff shows good cause for the extension. The
3 motion for extension is granted and plaintiff's amended complaint will be due on or before June
4 15, 2019.

    Dated this 2nd day of May, 2019.

J. Richard Creatura
United States Magistrate Judge