UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDOLPH CYPRIAN,<br><br>                                Plaintiff,<br><br>         v.<br><br>DANIEL WHITE, et al.,<br><br>                                Defendants. | CASE NO. 3:19-CV-5047-RBL-JRC<br><br>ORDER |

On June 4, 2019 the Court directed service of plaintiff's complaint. Dkt. 12. Waivers of service were due July 4, 2019. *See* Dkt. 12. To date, defendant Samantha Hendershot and defendant Jo Hiles have not returned waivers of service. *See* Dkt. Defense counsel has not appeared on behalf of defendant Hindershot or defendant Hiles. *See* Dkt. On July 8, 2019, defense counsel filed a notice informing the Court that the Washington Attorney General's Office has not been able to identify defendant Hindershot or defendant Hiles as current Department of Corrections ("DOC") or State of Washington employees. Dkt. 16. Based on the allegations in the amended complaint, it appears that defendant Hindershot and defendant Hiles

are former correctional officers who were employed at the Washington Corrections Center in Shelton, Washington. Dkt. 11 at 1-2.

The court has no jurisdiction over defendant Hindershot or defendant Hiles until they have been properly served under Fed. R. Civ. P. 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Under Rule 4(c)(2), the Court may order that personal service be made by a United States marshal. However, in this district, the marshals do not attempt personal service upon a defendant unless mail service is unavailing. *See* Local Rule 4(c).

If defendants are in possession of the last known business or residential address of defendant Hindershot or defendant Hiles, defendants are ordered to submit such address(es) to the Court **under seal on or before August 9, 2019.** so that the Clerk may attempt to effect service. This solution alleviates two concerns involving prisoner litigation: (1) the security risks inherent in providing prisoners with addresses of people formerly employed by the state; and (2) reducing the problems prisoners sometimes encounter when they are attempting to access information through the government. *Sellers v. United States*, 902 F.2d 598, 602-603 ($7_{th}$ Cir. 1990). Defendant Hindershot and defendant Hiles may also satisfy this order by filing a waiver and by having counsel enter a notice of appearance on their behalf. All service documents with said address(es) shall also be filed under seal.

Dated this 9th day of July, 2019.

J. Richard Creatura
United States Magistrate Judge