UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDOLPH CYPRIAN,

    Plaintiff,

v.

DANIEL WHITE et al.,

    Defendants.

CASE NO. 3:19-cv-05047-RBL-JRC

ORDER

Before the Court is defendant White and Germeau's motion for summary judgment. Dkt. 37. In his response, plaintiff, through counsel, moves for denial of summary judgment arguing, in part, that discovery is still on going and defendant Germeau and White's motion is premature. Dkt. 44. Plaintiff argues that additional discovery is needed to adequately prove all essential elements of the case. Dkt. 44 at 7. Plaintiff argues that granting a motion for summary judgment at this stage would be improper as there has not been adequate time for discovery. *See id.*

ORDER - 1

Rule 56(d) of the Federal Rules of Civil Procedure provides:

When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

The party seeking such a continuance must make (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists. *Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.,* 353 F.3d 1125, 1129–1130 (9th Cir. 2004). The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists. *Chance v. Pac–Tel Teletrac, Inc.,* 242 F.3d 1151, 1161 n. 6 (9th Cir. 2001). The Court may deny the request unless the party opposing summary judgment articulates how additional discovery may preclude summary judgment and demonstrates diligence in pursuing discovery thus far. *Qualls v. Blue Cross of California, Inc.,* 22 F.3d 839, 844 (9th Cir. 1994). "Although Rule 56(f) [now Rule 56(d)] facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery where the non-moving party has not had the opportunity to discover information that is essential to its opposition." *Metabolife Int'l, Inc. v. Wornick,* 264 F.3d 842, 846 (9th Cir. 2001) (internal quotation marks and citation omitted); *see also Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation,* 323 F.3d 767, 773–74 (9th Cir. 2003) (finding that where "a summary

1  judgment motion is filed so early in the litigation, before a party has had any realistic opportunity
2  to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f)
3  motion fairly freely").

4      Here, plaintiff is represented by counsel, but has not submitted an affidavit or declaration
5  specifically identifying which discovery is needed to sufficiently rebut defendant White and
6  Germeau's motion. *See* Dkt. 44. Rather, in his response, plaintiff simply requests that the Court
7  deny the motion for the purpose of conducting discovery. Dkt. 44 at 7. However, "[c]ompliance
8  with [Rule 56(d)] requires more than a perfunctory assertion that the party cannot respond
9  because it needs to conduct discovery." *Adams v. Allstate Insurance Co.*, 187 F. Supp. 2d 1207,
10 1213 (C.D. Cal. 2002). For example, "references in memoranda and declarations positing a need
11 for discovery do not constitute a proper motion under [Rule 56(d)]. Rather, that rule requires
12 affidavits setting forth with particularity: (1) why the party opposing summary judgment cannot
13 respond; (2) the particular facts that the party reasonably expects to obtain in further discovery;
14 and (3) how the information reasonably expected from its proposed discovery requests could be
15 expected to create a genuine issue of material fact that would defeat the summary judgment
16 motion." *Id.* In addition, plaintiff's request was made in his response to defendant White and
17 Germeau's motion, and defendants White and Germeau have not yet had an opportunity to
18 respond to plaintiff's request to allow discovery under Rule 56(d).

19     Nevertheless, the Court is reluctant to rule on defendant White and Germeau's motion in
20 light of the fact that discovery is ongoing. Therefore, the Court will allow plaintiff to file a
21 supplemental response addressing what evidence is needed to support his opposition, and offer
22 sufficient facts demonstrating that the evidence sought exists in order to meet the requirements
23 for the Court to grant a 56(d) continuance. *See Clorox,* 353 F.3d at 1129–1130; *Chance,* 242
24

F.3d at 1161 n. 6. Plaintiff must articulate how additional discovery will preclude summary judgment and how he has demonstrated diligence in pursuing discovery thus far. *Qualls,* 22 F.3d at 844. Defendants Germeau and White will be afforded an opportunity to respond to plaintiff's supplement.

Plaintiff's supplement regarding his request for a continuance pursuant to Rule 56(d) is due on or before July 24, 2020. Defendant Germeau and White's response is due on or before July 31, 2020. The Clerk is directed to re-note defendant Germeau and White's motion for summary judgment (Dkt. 37) for consideration on July 31, 2020.

In addition, while not addressed by the parties, defendants Hindershot and Miles, have not returned service waivers and no attorney has an appearance on their behalf. *See* Dkt. 17, 22, 24. The court has no jurisdiction over defendant Hindershot or defendant Hiles until they have been properly served under Fed. R. Civ. P. 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Under Rule 4(c)(2), the Court may order that personal service be made by a United States marshal. However, in this district, the marshals do not attempt personal service upon a defendant unless mail service is unavailing. *See* Local Rule 4(c).

If plaintiff is in possession of the last known business or residential address of defendant Hindershot or Hiles, plaintiff is ordered to submit such address to the Court under seal on or before July 24, 2020 so that the Clerk may again attempt to effect service by mail. *See* 28 U.S.C. § 1915(d); *see* Fed. R. Civ. P. 4(c)(3) (the Court must order service be made by a United States marshal or deputy marshal if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) ("So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect

1  service is 'automatically good cause within the meaning of Rule 4([m]).'") (quoting *Sellers v.*

2  *United States*, 902 F.2d 598, 603 (7th Cir. 1990)).

3      Dated this 24th day of June, 2020.

                                  J. Richard Creatura
                                  United States Magistrate Judge